# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| ZETA ROWNTREE, | ) | |
| CHUCK ROBINSON, and | ) | |
| KRISTIE ROBINSON, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **TRIAL BY JURY** |
| v. | ) | **DEMANDED** |
| | ) | |
| MATT GILBERT, | ) | |
| THREE OAKS DEVELOPMENT | ) | |
| AND CONSTRUCTION, INC., and | ) | |
| JONES LAND DEVELOPERS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

_____

## VERIFIED COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEYS' FEES AND EXPENSES OF LITIGATION

1.    Plaintiffs Zeta Rowntree, Chuck Robinson, and Kristie Robinson ("Plaintiffs") bring this citizen suit under the Federal Water Pollution Control Act ("Clean Water Act" or "CWA"), 33 U.S.C. § 1365(a), against Defendants Matt Gilbert, Three Oaks Construction and Development, Inc., and Jones Land Developers, LLC (collectively, "Defendants") for past and continuing discharges of polluted stormwater containing significant amounts of silt, sediment, gravel, construction waste, and other pollutants from construction and land disturbance activities on land owned and/or operated by Defendants in Macon, Monroe County,

Georgia, through pipes, culverts, channels, failed erosion control measures, and other point sources into several waterbodies on Plaintiff's property including Colaparchee Creek ("Creek"), a tributary of the Creek ("Stream"), several springs, and wetlands adjacent to Colaparchee Creek without coverage under, and/or in violation of the terms and conditions of, an applicable National Pollutant Discharge Elimination System ("NPDES") permit, and without coverage under an applicable dredge and fill permit.

2.    Plaintiffs seek declaratory relief as well an injunction ordering Defendants to cease their violations of the CWA, repair and/or remediate Plaintiffs' properties, including the Creek, the Stream, and other waterbodies, pay civil penalties to the U.S. Treasury, and reimburse Plaintiffs for their attorneys' fees and expenses of litigation.

3.    Plaintiffs also bring pendent state law claims of negligence per se, negligence, nuisance, trespass, violation of riparian rights, punitive damages, and attorneys' fees and expenses of litigation regarding the damage to Plaintiffs' properties including the Creek, the Stream, the springs, and the wetlands from discharges of pollutants and excess stormwater from Defendants' property and land disturbing activities.

## PARTIES AND JURISDICTION

4.    On or about August 1, 2017, Defendant Three Oaks Construction and Development, Inc. acquired Parcel No. 103 009, located on US Hwy 41 S and Sanders Road in Macon, Monroe County, Georgia, which consists of approximately 105.49 acres ("Three Oaks Property").

5.    Plaintiff Zeta Rowntree owns and resides at 262 Sanders Road, Macon, Monroe County, Georgia 31210, which includes parcels 103 014A and 103 014B and consists of approximately 11.57 acres ("Rowntree Property"). The Rowntree Property is located adjacent to and downstream of Three Oaks' Property and includes portions of the Creek, the Stream, several springs, a pond, and wetlands adjacent to the Creek.

6.    Plaintiffs Chuck Robinson and Kristie Robinson own and reside at 410 Loraine Woods Drive, Macon, Monroe County, Georgia 31210 (Parcel No. 103A027) which consists of approximately 4.7 acres ("Robinson Property") (the Rowntree Property and Robinson Property will be collectively referred to as "Plaintiffs' Properties"). The Robinson Property is located adjacent to and downstream of the Three Oaks' Property and includes portions of the Stream, several springs, and wetlands adjacent to the Creek.

**Figure 1: Three Oaks' Property outlined in Blue; Rowntree and Robinson Properties outlined in yellow.**



7.    Defendant Matt Gilbert is a resident of Bibb County and may be personally served with process by delivering a copy of the Complaint and Summons in this action to 2918 Riverside Drive, Macon, Georgia 31204.

8.    Defendant Three Oaks Construction and Development, Inc. ("Three Oaks") is a Georgia company and its principal office is located at 2918 Riverside Drive, Macon, Georgia 31204 where its registered agent Richard E. Veal III is also located.

9.    Defendant Jones Land Developers, LLC ("Jones Land Developers") is a Georgia company and its principal office is located at 7980 NE Industrial

Boulevard, Macon, Georgia 31216 where its registered agent is G. Girard Jones, Jr. is also located. Upon information and belief, Defendant Jones Land Developers is a grading company that has conducted and continues to conduct grading, grubbing, excavating, and or filling of land on Three Oaks' Property.

10.    As alleged in more detail below, all Defendants are developers, graders, and/or builders of Three Oaks Property which will be a common development called "Bolingbroke Manor" (the "Development"). All Defendants are or have been owners and/or operators of Defendants' Property. Defendant Matt Gilbert is the owner of Three Oaks.

11.    On October 26, 2020, Plaintiff Zeta Rowntree sent Defendants the attached 60-day Notice of Intent to Sue and Demand to Abate Nuisance and Trespass Letter via certified mail. The allegations in this letter are incorporated by reference and a copy of the letter is attached as **Exhibit "A**."

12.    On January 27, 2021, Plaintiffs Chuck Robinson and Kristie Robinson sent Defendants a separate 60-day Notice of Intent to Sue and Demand to Abate Nuisance and Trespass Letter view certified mail. The allegations in this letter are incorporated by reference and a copy of the letter is attached as **Exhibit "B**."

13.    In compliance with 33 U.S.C. § 1365(b)(1)(A), these letters notified Defendants of the CWA violations on the Three Oaks Property and of Plaintiffs' intent to file a citizen suit after 60 days should the violations continue.

5

14.     Notice was also provided to the Administrator of the U.S. Environmental Protection Agency ("EPA"), and the regional Administrator of EPA, and the Director of Georgia Environmental Protection Division ("EPD").

15.     More than sixty days have elapsed since Plaintiffs provided Defendants with notice, and Defendants have failed to cease the CWA violations, which are currently continuous and/or reasonably likely to reoccur with every significant rain event.

16.     Neither the Georgia Environmental Protection Division ("EPD") nor the U.S. Environmental Protection Agency ("EPA") is prosecuting a pending civil or criminal action to redress the CWA violations alleged.

17.     This Court has exclusive jurisdiction over this case under § 505(a) of the Clean Water Act. 33 U.S.C. § 1365(a).

18.     This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

19.     Venue is proper in this judicial district and in this Court under 28 U.S.C. § 1391(b) and 33 U.S.C. § 1365(c)(1) because Defendants' unpermitted discharges and/or discharges in violation of a permit that give rise to Plaintiffs' claims are located and occurring in the Macon Division of the United States District Court for the Middle District of Georgia.

## STATUTORY AND REGULATORY BACKGROUND

### I.    The Clean Water Act.

20.    Objectives of the CWA include "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters," and to ensure that citizens can fish, swim, and recreate in all the Nation's waters.  33 U.S.C. § 1251(a).

21.    To achieve these objectives, § 301(a) of the CWA prohibits the "discharge of any pollutant by any person" except in compliance with the Act.  33 U.S.C. § 1311(a).

22.    "Pollutant" means "dredged spoil, solid waste . . . garbage . . . biological materials . . . rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water."  33 U.S.C. § 1362(6).

23.    Under section 505(a)(1) of the CWA, any citizen may commence a civil action for injunctive relief or declaratory relief against "any person" alleged to be in violation of NPDES requirements and/or engaging in the unpermitted discharge of a pollutant.  33 U.S.C. § 1365(a)(1).

24.    In an action brought under section 505(a) of the CWA, the Court has jurisdiction to order Defendants to comply with the Act and to assess civil penalties under section 309(d) of the CWA, 33 U.S.C. § 1319(d).

25.    Section 309(d) of the CWA provides that any person who violates section 301 of the Act, 33 U.S.C. § 1311, or violates any permit condition or

limitation in a NPDES permit issued under 33 U.S.C. § 1342, "shall be subject to a civil penalty" payable to the United States for each violation. 33 U.S.C. § 1319(d). Pursuant to 40 C.F.R. § 19.4, the civil penalty to be assessed is $56,460 per day for each CWA violation that occurred after November 2, 2015 where the penalty is assessed after December 23, 2020. 40 C.F.R. § 19.4 (2020).

26.    Additionally, under section 505(d) of the CWA, the Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing party or substantially prevailing party, whenever the court determines that such award is appropriate." 33 U.S.C. §1365(d).

## II.    NPDES Construction Stormwater General Permits

27.    Section 402 of the CWA, 33 U.S.C. § 1342, establishes the National Pollutant Discharge Elimination System permitting program, which prohibits the discharge of pollutants from "point sources" into "waters of the United States" without an NPDES permit or in violation of the terms and conditions of an NPDES permit. *See also* 33 U.S.C. § 1311.

28.    Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" as "any discernable, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well [or] discrete fissure . . . from which pollutants are or may be discharged."

29.    The term "point source" also means sheet flow which is later conveyed via a point source to waters of the United States.

30.    Pursuant to section 402(b) of the CWA, 33 U.S.C. § 1342(b), EPA has delegated to EPD the authority to issue NPDES permits in the State of Georgia under the Georgia Water Quality Control Act, O.C.G.A. §§ 12-5-20 to -53 ("GWQCA").

31.    In Georgia, the CWA and GWQCA prohibit any person from discharging stormwater associated with construction activity without first submitting to EPD a valid Notice of Intent ("NOI") to be covered by NPDES Construction Stormwater General Permit No. GAR100001 ("Stand Alone Construction"), GAR100002 ("Infrastructure Construction"), and/or GAR100003 ("Common Development Construction") ("NPDES General Permits" or "General Permits"), and except in accordance with the limitations, monitoring requirements, and other conditions set forth in the NPDES General Permits.

32.    The NPDES General Permits require the owner and/or operator of a construction site to prepare and submit to EPD an Erosion, Sedimentation, and Pollution Control Plan ("ESPC Plan") to obtain valid coverage under the permits.

33.    "Operator" under the CWA and NPDES General Permit includes an entity that has operational control of those activities at the construction site necessary to ensure compliance with the permit conditions and the requirements of the ESPC Plan for the construction site.

9

34.    Where there are multiple operators associated with the same project, all operators must submit a Notice of Intent to obtain coverage under the General Permit.

35.    If an operator is required to obtain NPDES permit coverage but does not submit a Notice of Intent for its stormwater discharges from a construction site, then the resulting discharges constitute unpermitted discharges in violation of the CWA.

36.    Operators covered by the General Permits must ensure that all activities on the construction site comply with the requirements of the permit.

37.    The General Permits require ESPC Plans to "include, as a minimum, best management practices ('BMPs'), including sound conservation and engineering practices to prevent and minimize erosion and resultant sedimentation, which are consistent with, and no less stringent than, those practices contained in the 'Manual for Erosion and Sediment Control in Georgia' (Manual) published by the State Soil and Water Conservation Commission as of January 1 of the year in which the land-disturbing activity was permitted." GAR100003.

38.    BMPs are "schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent and minimize erosion and resultant sedimentation, which are consistent with, and no less stringent

10

than, those practices contained in the [Manual] to prevent or reduce the pollution of waters of Georgia." *Id.*

39.    The General Permits require the use of BMPs for all construction activities which "must be implemented in accordance with the design specifications contained in the [Manual] to prevent or reduce the pollution of waters of Georgia." *Id.*

40.    The General Permits provide that the owner and operator of a construction site "must implement and maintain the provisions of the [ESPC] Plan . . . as a condition of this permit." *Id.*

41.    Under the General Permits, "the current permittee remains responsible for compliance with all applicable terms of the permit and for any violations of said terms." *Id.*

42.    The "[f]ailure to properly design, install, or maintain [BMPs] shall constitute a violation of th[e] permit for each day on which such failure occurs" and "[i]f during the course of the permittee's routine inspection BMP failures are observed which have resulted in sediment deposition into Waters of the State, the permittee shall correct the BMP failures and submit a summary of the violations to EPD." *Id.*

43.    A nephelometric turbidity unit ("NTU") is a numerical unit of measurement of water quality based upon photometric analytical techniques for

measuring the amount of light scattered by fine particles of a substance in suspension, including sediment and other pollutants.

44.    Under the General Permits, "a discharge of stormwater runoff from disturbed areas where [BMPs] have not been properly designed, installed, and maintained shall constitute a separate violation for each day on which such discharge results in the turbidity of receiving water(s) being increased by more than . . . twenty-five (25) [NTUs] . . . regardless of a permittee's [election to sample outfalls]." *Id.*

45.    "When the permittee has elected to sample outfall(s), the discharge of stormwater runoff from disturbed areas where [BMPs] have not been properly designed, installed, and maintained shall constitute a separate violation for each day on which such condition results in the turbidity of the discharge exceeding the [NTU] value . . . [applicable] to the construction site." *Id.*

46.    Under the General Permits, "no construction activities shall be conducted within a 25 foot buffer along the banks of all State waters . . . except where the Director has determined to allow a variance . . . ." *Id.*

47.    The General Permits state that "it is not a defense to compliance with this permit that a local government authority has approved the permittee's [ESPC] Plan or failed to take enforcement action against the permittee for violations of the [ESPC] Plan or other provisions of th[e] Permit." *Id.*

48.    The General Permits also specify that discharges shall not cause a violation of water quality standards, that, in turn, state: "All waters shall be free from turbidity which results in a substantial visual contrast in a water body due to man-made activity."  Ga Comp. R. & Regs. 391-3-6-.03(5)(d).

49.    The limitations and conditions of the General Permits apply to owners and operators of a construction site until it has undergone final stabilization, all stormwater discharges associated with construction activity that are authorized by the General Permits have ceased, the site is in compliance with the General Permit, all temporary BMPs have been removed, and the owners and operators submit signed Notices of Termination ("NOTs") to EPD.

### III.    Dredge and Fill Permits

50.    Section 404(a) of the CWA, 33 U.S.C. § 1344(a), establishes a program administered by the United States Army Corps of Engineers ("Corps") for the discharge of dredged or fill material into waters of the United States.

51.    Section 404 requirements are distinct from, and in addition to, the NPDES permit framework in section 402, 33 U.S.C. § 1342.

52.    Section 404 prohibits the "discharge of dredged or fill material" into Waters of the United States except in accordance with a permit issued by the Corps ("Section 404 Permit").  33 U.S.C. § 1344.

53.    "Dredged material" is "material that is excavated or dredged from waters of the United States," including "[t]he runoff or overflow from a contained land or water disposal area." 33 C.F.R. §§ 323.2(c) and (d)(1) (2020).

54.    "Fill material" is "material placed in the waters of the United States" that "(i) Replac[es] any portion of the water of the United States with dry land; or (ii) Chang[es] the bottom elevation of any portion of a water of the United States." 33 C.F.R. §323.2(e)(1) (2020).  Examples of fill material include "rock, sand, soil, clay, plastics, construction debris, [and] overburden from mining or other excavation activities." *Id.*

55.    "[D]ischarge of fill material" means "the addition of fill material into the waters of the United States," including, but not limited to, "site-development fills for recreational, industrial, commercial, residential, or other uses." 33 C.F.R. § 323.2(f) (2020).

56.    The Army Corps has the authority to issue individual permits or "general permits on a state, regional, or nationwide basis for any category of activities involving discharges of dredged or fill material." 33 U.S.C. § 1344(e)(1).

## **BACKGROUND FACTS**

57.    Three Oaks' Property is located adjacent to, upgradient of, and/or upstream of Plaintiffs' Properties.

14

58.     Three Oaks' Property drains to Plaintiffs' Properties and into the Creek, the Stream, the springs, and wetlands adjacent to the Creek.

59.     For years prior to Defendants' activities, Plaintiffs used and enjoyed the Creek, the Stream, and the springs on their properties for recreation and aesthetic enjoyment.

**Figure 2: Colaparchee Creek and Unnamed Tributary**



60.     Upon information and belief, in early 2018, Defendants cleared timber from a substantial portion of Three Oaks' Property to begin preparing the property for the construction of a common development.

61.     On or around June 24, 2019, EPD received an NOI from Defendant Three Oaks for coverage under a GAR100003 Common Development Permit.

Defendant Three Oaks was listed as "Owner." Defendant Matt Gilbert was listed as the Facility/Construction Site Contact.

62.    According to the NOI, Three Oaks is developing and constructing a common development on the Three Oaks Property known as Bolingbroke Manor.

63.    The NOI identifies three (3) stormwater discharge basins on the Three Oaks Property with turbidity limits of 50 NTU. The NOI further identifies an "Calarparchee [sic] Creek" and an unnamed tributary as the receiving waters and lists "Calarparchee [sic] Creek" as an impaired stream segment.

64.    On January 27, 2020, Defendants met with Monroe County for the mandatory pre-construction meeting. Thereafter, Defendants began clearing and grubbing additional areas of Three Oaks' Property and grading no less than 65 acres.

65.    As part of Defendants' construction efforts, Defendants constructed two (2) stormwater basins. The first basin ("Discharge Location 1" or "Basin 1") was constructed in the Stream. The second basic ("Discharge Location 2" or "Basin 2") is directly adjacent to Plaintiff Zeta Rowntree's Property and discharges into the Creek.

### Figures 3: Discharge Locations



66.     Both basins required an NPDES permit, but because Basin 1 near the

Robinson Property was constructed in Waters of the United States, it required a state

buffer variance and a Section 404 permit from Corps. Upon information and belief,

Defendants did not obtain either the state buffer variance or Section 404 permit prior

to construction of Basin 1.

67.     Since Defendants began their construction activities to the present,

there have been and continue to be frequent discharges of heavily polluted

stormwater containing silt, sediment, gravel, construction waste, and other pollutants

from land disturbance and/or construction activities on the Three Oaks Property onto

Plaintiffs' Properties, including the Creek, the Stream, the springs, and wetlands adjacent to the Creek.

68.    Defendants' operation and ownership of construction activities on the Three Oaks Property have greatly reduced and/or degraded the water quality in the Creek and Stream as compared to predevelopment conditions.

69.    Defendants' operation and ownership of construction activities on the Three Oaks Property have greatly increased the volume of stormwater discharged onto Plaintiffs' Properties and into the Creek and the Stream as compared to predevelopment conditions.

70.    Defendants' operation and ownership of construction activities on the Three Oaks Property have increased the peak rate of stormwater discharges to Plaintiffs' Properties compared to predevelopment conditions.

71.    The increases in rate and volume of stormwater discharged onto Plaintiffs' Properties, into the Creek, the Stream, the springs, and the wetlands adjacent to the Creek have damaged these waterbodies and have caused: (1) flooding of Plaintiffs' Properties; (2) erosion of Plaintiffs' Properties; (4) filling of the wetlands; and (5) erosion and pollution of the Creek and the Stream.

72.    Defendants have repeatedly violated and continue to violate the terms and conditions of the NPDES General Permits, including those terms and conditions specified in the attached notice letters.

73.    Defendant Matt Gilbert was and is responsible for the prevention of violations of the CWA, for monitoring erosion and sedimentation controls at the Three Oaks Property, and for ensuring implementation of best management practices by contractors hired by Defendants to stay in compliance with the General Permit.

74.    These violations have caused and continue to cause repeated discharges of pollutants from the Three Oaks Property onto Plaintiffs' Properties, into the Creek, the Stream, and the springs.

75.    During and following every measurable rain event, Defendants discharge pollutants including silt, sediment, and rock from ditches, runnels, rills, ponds, outlets, culverts, improperly designed, installed, and/or maintained BMPs, construction equipment, debris piles, and other point sources.

76.    The dates and locations of the permit violations and/or illegal discharges include, but are not limited to, those specified in the attached notice letters.

77.    There is a reasonable likelihood that Defendants will continue to violate the terms and conditions of the NPDES Construction Stormwater General Permits and illegally discharge pollutants from the Three Oaks Property onto Plaintiffs' Properties and into the Creek and the Stream.

78.    Indeed, NTU sampling results reveal repeated and ongoing violations of Georgia's water quality standards as well as the NPDES General Permits.

79.    EPD has also found numerous NPDES Permit violations on the Three Oaks Property.

80.    For example, EPD inspected the Three Oaks Property on March 16, 2020 and noted the BMPs were not properly designed, installed and/or maintained.

81.    EPD inspected Plaintiff Zeta Rowntree's property again on March 24, 2020 identified significant erosion occurring downgradient of Basin 2 on the Three Oaks Property.

82.    On April 2, 2020, EPD notified Monroe County Planning and Zoning that "all initial best management practices (BMPs) indicated on the Erosion and Sedimentation Control Plan were not installed prior to beginning mass grading."

83.    On January 20, 2021, EPD inspected the Three Oaks Property again and found numerous General Permit violations including significant BMP failures throughout the site.

84.    EPD found even more Permit violations and BMP failures on February 17, 2021.

85.    There is a reasonable likelihood that Defendants will continue to violate the General Permits and the requirements of CWA section 404 by continuing to illegally deposit fill material into Waters of the United States including the Creek, the Stream, and adjacent wetlands.

86.    Since sending the notice letters and as recently as June 7, 2021, Plaintiffs have frequently observed heavily polluted stormwater runoff from unstabilized areas on the Three Oaks Property where BMPs have not been properly designed, installed, and/or maintained.

87.    Moreover, Basin 1 is still constructed within Waters of the United States without the proper permit from the Corps.

88.    There is a reasonable likelihood that illegal discharges have occurred and will continue to occur with every measurable and/or significant rainfall.

89.    Defendants' permit violations and illegal discharges have damaged and continue to damage Plaintiffs' Properties by eroding the Creek, the Stream, the springs, and Plaintiffs' Properties.

90.    Defendants' permit violations and illegal discharges have also damaged and continue to damage Plaintiffs by interfering with their use and enjoyment of their properties for recreational and aesthetic enjoyment.

91.    Defendants' activities have caused and continue to cause violations of the CWA and damage to Plaintiffs thereby making Defendants liable for such violations and damage.

**Figure 4: Erosion and Sedimentation on Plaintiff Zeta Rowntree's Property (4-21-20)**



**Figure 5: Discharge into the Creek (4-21-20)**



22

**Figure 6: Erosion and Sedimentation on Plaintiff Zeta Rowntree's Property from Discharge Location 2 (6-8-20)**



**Figure 7: Sediment in Stream from Discharge Location 1 (8-15-20)**



**Figure 8: Improperly Designed, Installed, and Maintained BMPs (11-12-20)**



**Figures 9 and 10: Sediment-Laden Stormwater on Plaintiffs Chuck and Kristie Robinson's Property (1-1-21)**



24



**Figures 11 and 12: Sediment in Stream from Discharge Location 1 (6-7-21)**





92.    Defendants' construction activities are ongoing, and they have yet to submit a NOT indicating that construction activities have ceased and final stabilization has been completed to EPD.

## FIRST CLAIM FOR RELIEF
(Ongoing Violations of Sections 301, 402, and 404 of the CWA)

93.    Plaintiffs incorporate by reference all the preceding factual allegations.

94.    Defendant Three Oaks is the owner of the Three Oaks Property.

95.    Defendant Matt Gilbert is the owner of Defendant Three Oaks.

96.    Defendant Jones Land Developers has conducted clearing, grading, excavating, filling of land, and other construction activities on the Three Oaks Property.

97.    Defendants both have and had operational control of these activities necessary to ensure compliance with ESPC Plan requirements and permit conditions.

98.    Defendant Jones Land Developers never submitted a notice of intent for or obtained coverage under the NPDES General Permits for its operation of the Three Oaks Property.

99.    Further, Defendants have failed and continue to fail to properly design, install, or maintain BMPs at the Three Oaks Property in violation of the NPDES General Permits and the CWA on the dates and locations included in, but not limited to, the notice letters attached hereto.

100.    During their control and/or operation of construction activities on the Three Oaks Property from the beginning of construction activities to the present, Defendants have discharged stormwater polluted with silt, sediment, and other pollutants from pipes, channels, failed erosion control measures and other point sources without valid coverage under the NPDES General Permit in violation of the CWA.

101.    Based on data and evidence collected by Plaintiffs and their experts, the BMPs on Defendants' Property are still not properly designed, installed, and/or maintained.

102. Moreover, Defendants continue to discharge sediment-laden stormwater into Waters of the United States, including the Creek, the Stream in excess of the permittable limits.

103. The foregoing conduct by Defendants including their past and ongoing discharges of heavily polluted stormwater containing silt, sediment, and other pollutants, from pipes, channels, ponds, runnels, gullies, culverts, failed erosion control measures, and other point sources on the Three Oaks Property and into the Creek, the Stream, and wetlands without valid coverage under, and/or in violation of the terms and conditions of, the NPDES General Permit, violated and continue to violate sections 301 and 402 of the CWA.

104. The foregoing conduct by Defendants and their past and ongoing discharges of fill material including rock, sand, soil, clay, plastics, and construction debris into the Creek, the Stream, and wetlands without valid coverage under a Section 404 Permit, violated and continue to violate sections 301 and 404 of the CWA.

105. Defendants have failed to cease their violations of sections 301, 402, and 404 or the CWA and these violations are continuous and/or reasonably likely to reoccur.

106.   Plaintiffs are entitled to attorneys' fees and expenses pursuant to 33 U.S.C. § 1365(d) of the CWA.  Additionally, civil penalties and injunctive relief should be imposed against Defendants for ongoing violations of the CWA.

## SECOND CLAIM FOR RELIEF
(Negligence Per Se)

Past and/or Ongoing Violations of the CWA

107.   Plaintiffs incorporate by reference all the preceding factual allegations.

108.   Defendants' past and ongoing discharges of excess and heavily polluted stormwater from the Three Oaks Property onto Plaintiffs' Properties, the Creek, the Stream, the springs, and the wetlands violated and continue to violate several statutes including sections 301, 402, and 404 of the CWA.

109.   Defendants' violations of the CWA and NPDES General Permits were intentional and/or the result of their failure to exercise ordinary care.

110.   Plaintiffs fall within the class of persons these statutes are intended to protect.

111.   Through violations of these statutes, Defendants breached duties owed to Plaintiffs.

112.   The violations of these statutes were the direct and proximate cause of damages to Plaintiffs' Properties in amounts to be proven at trial.

113.   The damages to Plaintiffs' Properties are the same damages that the statutes were intended to guard against.

## THIRD CLAIM FOR RELIEF
(Negligence)

114.   Plaintiffs incorporate by reference all the preceding factual allegations.

115.   Defendants had and have a duty to undertake land disturbance and/or construction activities and operations on the Three Oaks Property with the degree of care that an ordinarily prudent person would exercise under the same or similar circumstances and with the degree of care that every prudent person takes of his own property of a similar nature.  O.C.G.A. § 51-1-2.

116.   Defendants had and have a duty to use properly designed, installed, and maintained BMPs when undertaking land disturbance and/or construction activities and operations on the Three Oaks Property.

117.   Defendants had and have a duty not to so pollute or adulterate Plaintiffs' Properties as to interfere with the enjoyment of it by, or lessen the value to, Plaintiffs or the next owners.

118.   Defendants breached these duties owed to Plaintiffs.

119.   The breaches of these duties were the direct and proximate cause of damages to Plaintiffs' Properties including damages to the waterbodies, roads, structures, and vegetation on Plaintiffs' Properties in amounts to be proven at trial.

## FOURTH CLAIM FOR RELIEF
(Nuisance)

120. Plaintiffs incorporate by reference the preceding factual allegations.

121. Defendants' past and ongoing discharges of excess and heavily polluted stormwater from Defendants' Property onto Plaintiffs' Properties caused Plaintiffs hurt, inconvenience, and/or damage to Plaintiffs' Properties and constitute a continuing nuisance.

122. Plaintiffs are entitled to damages in amounts to be determined by the enlightened conscience of a jury.

## FIFTH CLAIM FOR RELIEF
(Trespass)

123. Plaintiffs incorporate by reference all the preceding factual allegations.

124. Defendants' past and ongoing discharges of excess and heavily polluted stormwater from Defendants' Property onto Plaintiffs' Properties constitute a trespass.

125. Plaintiffs are entitled to damages for the costs to repair and/or dredge the waterbodies on Plaintiffs' Properties and for the diminution in value of Plaintiffs' Properties from past and ongoing discharges.

## SIXTH CLAIM FOR RELIEF
(Violation of Riparian Rights)

126. Plaintiffs incorporate by reference all the preceding factual allegations.

31

127.    Defendants' past and ongoing discharges of excess and heavily polluted stormwater from Defendants' Property into the Creek, the Stream, the springs, the pond, and the wetlands owned by Plaintiffs so polluted and adulterated them as to interfere with Plaintiffs' enjoyment of the running water on Plaintiffs' Properties and constitute a violation of Plaintiffs' riparian rights under O.C.G.A. §§ 44-8-1 and 51-9-7.

128.    Plaintiffs are entitled to damages for the costs to repair and/or dredge the Creek, and the Stream, and for the diminution in value of Plaintiffs' Properties from the past and ongoing discharges.

## SEVENTH CLAIM FOR RELIEF
(Punitive Damages)

129.    Plaintiffs incorporate by reference all the preceding factual allegations.

130.    Plaintiffs have repeatedly asked Defendants for more than a year to cease the discharges of excess and heavily polluted stormwater from the Three Oaks Property onto Plaintiffs' Properties but Defendants failed to take effective and appropriate action to remedy the situation and the ongoing damage.

131.    Defendants' past and ongoing discharges of excess and heavily polluted stormwater from the Three Oaks Property show willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises the presumption of conscious indifference to the consequences of such actions on Plaintiffs' Properties.

132.   Defendants acted and failed to act with the specific intent to cause harm to Plaintiffs' Properties and Plaintiffs' use and enjoyment of same such that there is no cap on the amount of punitive damages that a jury may impose in this case.

## EIGHTH CLAIM FOR RELIEF
(Attorneys' Fees and Expenses of Litigation)

133.   Plaintiffs incorporate by reference all the preceding factual allegations.

134.   Plaintiffs have repeatedly asked Defendants for more than a year to cease the discharges of excess and heavily polluted stormwater from the Three Oaks Property onto Plaintiffs' Properties, but Defendants have failed to take effective actions to remedy the situation and the ongoing damage.

135.   Through this and other actions and omissions, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expenses within the meaning of O.C.G.A. § 13-6-11 such that attorneys' fees and expenses of litigation shall be allowed as part of the damages in this case.

136.   Through this and other actions and omissions, Defendants acted and/or failed to act with the specific intent to cause harm to Plaintiffs' Properties and interfere with Plaintiffs' use and enjoyment of their properties.

137.   Additionally, Plaintiffs are entitled to attorneys' fees and expenses pursuant to 33 U.S.C. § 1365(d) of the CWA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for this Court to:

A.    Grant Plaintiffs a trial by jury on all of their claims for relief;

B.    Enter judgment in favor of Plaintiffs on all of their claims for relief;

C.    Declare under the federal Declaratory Judgment Act that Defendants are liable and/or derivatively liable for violations of §§ 301, 402, and 404 of the CWA;

D.    Impose federal civil penalties against Defendants of $56,460 per violation of the CWA per day under § 505(a) of the CWA;

E.    Issue a temporary and/or permanent injunction ordering Defendants to cease their violations of the CWA, including further illegal and unpermitted discharges of pollutants from the Three Oaks Property onto Plaintiffs' Properties and into the Creek, Stream, springs, and wetlands, immediately take all necessary steps to come into permanent and consistent compliance with the CWA, and remove the pollutants discharged onto Plaintiffs' Properties;

F.    Award Plaintiffs' attorneys' fees and expenses of litigation including expert witness fees under § 505(d) of the CWA and under O.C.G.A. § 13-6-11;

G.    Award Plaintiffs punitive and compensatory damages in amounts proven

a trial and determined by the enlightened conscience of a jury;

H.    Enter an order that the Court shall maintain jurisdiction over this action

until Defendants come into consistent and permanent compliance with the

CWA and comply with every order of this Court in this action including

any consent decree entered by this Court; and

I.    Grant Plaintiffs such other relief as this Court deems just and proper.

This 21st day of July, 2021.

**STACK & ASSOCIATES, P.C.**

*/s/ Donald D.J. Stack*
Donald D.J. Stack
Ga. Bar No. 673735
George Lott
Ga. Bar No. 820219
Jaclyn Brass
Ga. Bar No. 347817

260 Peachtree Street, N.W.
Suite 1200
Atlanta, Georgia 30303
(404) 525-9205 (Telephone)
(404) 522-0275 (Fax)
dstack@stackenv.com
glott@stackenv.com
jbrass@stackenv.com

*Attorneys for Plaintiffs*

# Exhibit A



DONALD D.J. STACK
TELEPHONE: (404) 525-9205
FACSIMILE: (404) 522-0275
E-MAIL: DSTACK@STACKENV.COM
WWW.STACKENV.COM

ATLANTA
260 PEACHTREE STREET • SUITE 1200
ATLANTA, GEORGIA 30303
TELEPHONE: (404) 525-9205
TOLL FREE: (877) 622-3891
FACSIMILE: (404) 522-0275

SAVANNAH
P.O. BOX 13124
SAVANNAH, GEORGIA 31406
TELEPHONE: (912) 232-0567
FACSIMILE: (877) 622-3891

October 26, 2020

**VIA CERTIFIED MAIL, RRR**
**NO. 7018 0680 0002 2899 1898**
Three Oaks Construction and Development, Inc.
c/o Registered Agent Richard E. Veal III
2918 Riverside Drive
Macon, Georgia 31204

**VIA CERTIFIED MAIL, RRR**
**NO. 7018 0680 0002 2899 1881**
Matt Gilbert
2918 Riverside Drive
Macon, Georgia 31204

**VIA CERTIFIED MAIL, RRR**
**NO. 7018 0680 0002 2899 1874**
Rowland Engineering, Inc.
c/o Registered Agent Steven A. Rowland
318 Corporate Parkway
Suite 301
Macon, Georgia 31210

**VIA CERTIFIED MAIL, RRR**
**NO. 7018 0680 0002 2899 1867**
Jones Land Developers, LLC
c/o Registered Agent G. Girard Jones, Jr.
7980 NE Industrial Boulevard
Macon, Georgia 31216

> Re:     **60-Day Notice of Intent to Sue Pursuant to Section 505(b) of the Federal Water Pollution Control Act; Demand to Abate Nuisance and Trespass pursuant to O.C.G.A. § 41-1-1; and Notice to Preserve Evidence and/or Spoliation Notice**

Dear Addressees:

Our office has been retained by Ms. Zeta Rowntree ("Ms. Rowntree") regarding damage to her real property caused by past and continuing stormwater, silt, sediment, debris and other pollutant discharges from property located at Sanders Road and Highway 41, Macon, Monroe County, Georgia 31210 (Parcel No. 103 009) in connection with land disturbance and/or construction activities for a common development known as Bolingbroke Manor. Ms. Rowntree's property is located adjacent to and downstream and/or downgradient of Bolingbroke Manor at 262 Sanders Road, Macon, Monroe County, Georgia 31210. This letter serves as Ms. Rowntree's notice of intent to sue pursuant to 33 U.S.C. § 1365(b), demand that Addressees abate their nuisance and trespass, and notice to Addresses of their duty to preserve evidence.

Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland
Engineering, Inc.
October 26, 2020
Page 2

**Figure 1: Rowntree Property outlined in blue.  Three Oaks' Property outlined in Yellow.**



<u>**Notice of Intent to Sue**</u>

Pursuant to Section 505(b) of the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. § 1365 and 40 C.F.R. § 135.3, this letter is to provide you with notice that Ms. Rowntree intends to file a citizen lawsuit in federal court against Three Oaks Construction and Development, Inc. ("Three Oaks"), Jones Land Developers, LLC ("JLD"), and/or Rowland Engineering, Inc. ("Roland Engineering") for violations of sections 402 and 404 of the Clean Water Act following sixty (60) days from the date of this letter.

**a.  Party Providing Notice**

This notice is provided by Ms. Rowntree. Ms. Rowntree owns and/or resides on property located at 262 Sanders Road, Macon, Monroe County, Georgia 31210 (Parcel Nos. 103 014A and 103 014B) ("Rowntree Property"). The Rowntree Property consists of approximately 11.57 acres, a tributary of Colaparchee Creek ("Stream"), a portion of Colaparchee Creek, and wetlands. Ms. Rowntree's telephone number is 478-319-1342. However, because Ms. Rowntree is being represented by the undersigned counsel, all communications should be directed to us. Our address is 260 Peachtree Street N.W., Suite 1200, Atlanta, Georgia 30303. We can be reached by telephone at (404) 525-9205.

Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland Engineering, Inc.
October 26, 2020
Page 3

**Figure 2: Colaparchee Creek and the Stream**



b. **Specific Statutory Standard**

Within the last twelve (12) months, Three Oaks, JLD, and Roland Engineering have conducted land disturbance activities such as clearing, grading, and grubbing on property owned by Three Oaks located adjacent to the Rowntree Property and more specifically identified as Parcel No. 103 009 in Macon, Monroe County, Georgia for construction of a development known as Bolingbroke Manor.

During these land disturbance activities, Three Oaks, JLD, and Roland Engineering have controlled, directed, and/or otherwise caused and continue to cause discharges of large volumes of silt, sediment, fill material, trash/debris, gravel, and other pollutants from Bolingbroke Manor into the Stream and Colaparchee Creek on the Rowntree Property via ditches, channels, erosion gullies,

Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland
Engineering, Inc.
October 26, 2020
Page 4

ponds failing BMPs, construction equipment, discharge structures, and other point and non-point
sources in violation of sections 402 and 404 of the Clean Water Act, which prohibit the discharge
of pollutants including stormwater, dredged, and/or fill material into Waters of the United States
without, or in violation of, a permit. 33 U.S.C. §§ 1311(a) and 1344. Three Oaks, JLD, and Roland
Engineering have also constructed, conducted activities in, and/or filled the Stream and
surrounding wetlands without a permit in violation of section 404 of the Clean Water Act. Upon
information and belief, Matt Gilbert personally participates, cooperates, and/or directs these land
disturbance activities. If a permit has been issued, sections 402 and 404 of the Clean Water Act
require compliance with the provisions set forth in such permits, which include the proper design,
installation and maintenance of Best Management Practices ("BMPs"), proper monitoring and
reporting of discharges, and compliance with the in-stream water quality standards of Georgia's
erosion and sedimentation act and associated regulations.

   c. **Activities Alleged to be a Violation and Dates of Violations**

   Here, Three Oaks, JLD, and Roland Engineering have violated and continue to violate
General Permit GAR 100003 for Common Development Construction Projects ("General
Permit") and are therefore in violation of sections 402 and 404 of the Clean Water Act. Three
Oaks, JLD, and Ronald Engineering's violations include, but are not limited to, the following
examples:

   1. Failure to stabilize mulch or temporary seed areas left exposed for more than fourteen
      (14) days;

   2. Failure to stabilize grass or matting on final graded slopes;

   3. Clearing more than fifty (50) acres without prior written authorization from the
      Georgia Environmental Protection Division ("EPD");

   4. Failure to properly design, install, and maintain all BMPs;

   5. Failure to properly monitor and report discharges;

   6. Discharging pollutants, including silt, sediment, debris, and fill material from ditches,
      runnels, rills, gullies, ponds, outlets, unmaintained silt fences, unmaintained BMPs,
      construction equipment, debris piles, and other sources into the Stream, Colaparchee
      Creek, and surrounding wetlands without, or in violation of, any permit.

      These discharges occur during rain events and for days following rain events,
      including, but not limited to[1], rain events that occurred on or around the following:
      1/3/2020; 1/12/2020; 1/13/2020; 1/19/2020; 1/24/2020; 1/25/2020; 2/1/2020;
      2/6/2020; 2/7/2020; 2/12/2020; 2/14/2020; 2/18/2020; 2/21/2020; 2/25/2020;
      3/3/2020; 3/4/2020; 3/5/2020; 3/6/2020; 3/16/2020; 3/18/2020; 3/20/2020; 3/23/2020;

---

[1] Note, illegal discharges have occurred regardless of rain and/or several days after rain as one of
Bolingbroke Manor's stormwater structures is located in, or directly adjacent to, the Stream and discharges
frequently, if not constantly, into it.

Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland
Engineering, Inc.
October 26, 2020
Page 5

> 3/24/2020; 3/25/2020; 4/1/2020; 4/13/2020; 4/20/2020; 4/23/2020; 4/24/2020;
> 4/30/2020; 5/19/2020; 5/22/2020; 5/30/2020; 6/5/2020; 6/6/2020; 6/11/2020;
> 6/22/2020; 6/23/2020; 7/2/2020; 7/7/2020; 7/26/2020;  8/4/2020; 8/10/2020;
> 8/11/2020; 8/14/2020; 8/15/2020; 8/16/2020; 8/20/2020; 8/21/2020; 8/25/2020;
> 9/10/2020; 9/16/2020; 9/17/2020; 9/18/2020; 9/25/2020; 10/11/20; 10/24/20; and
> 10/25/20.

7.  Causing near daily turbidity, color, and other objectionable conditions in the Stream,
    Colaparchee Creek, and surrounding wetlands, violating in-stream water quality
    standards, and interfering with Ms. Rowntree's use and enjoyment of her property.

### d.  Location of Illegal Discharges

Again**,** Three Oaks, JLD, and Rowland Engineering are illegally discharging large volumes of
pollutants, including silt, sediment, debris, and fill material into the Stream, Colaparchee Creek,
and surrounding wetlands.  The approximate locations of these discharges are depicted below:

**Figure 3: discharge locations at Sampling Location #1 (on right) and #2 (on left) circled.**



Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland Engineering, Inc.
October 26, 2020
Page 6

**Figures 4, 5, & 6: discharge of Three Oaks' sediment basin at Sampling Location #2 discharging onto Rowntree Property and improperly designed, installed, and/or maintained BMPs.**





Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland
Engineering, Inc.
October 26, 2020
Page 7



**Figure 7: Stream approximately 100-feet downstream of outfall at Sampling Location #1.**



Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland Engineering, Inc.
October 26, 2020
Page 8

**Figure 8: discolored water entering Colaparchee Creek downstream of Sampling Location # 2.**



Within the next sixty (60) days, Ms. Rowntree requests that you cease the above-described violations and remediate the Stream, Colaparchee Creek, and surrounding wetlands. Unless the violations discussed in this letter are rectified on terms acceptable to Ms. Rowntree, Ms. Rowntree intends to proceed with her Clean Water Act claim following sixty (60) days form the date of this letter.

## Demand to Abate Nuisance and Trespass

In addition to violating the Clean Water Act as described above, Three Oaks, JLD, and Rowland Engineering have caused and continue to cause significant damage to Rowntree Property, including her home, yard, and pastures through the discharge of significant amounts water, silt, sediment, debris and other pollutants. to Rowntree Property, including her home, yard, and pastures through the discharge of significant amounts water, silt, sediment, debris and other pollutants. Among other things, these discharges are threatening the integrity of her house and have forced her to take steps to address the impacts to her foundation and plumbing. These discharges have also caused Ms. Rowntree to endure remarkable annoyance and inconvenience. For example, Ms. Rowntree was recently forced to euthanize two of her animals — one of her horses and her dog — after they suffered complications due to the oversaturated landscape caused by the constant flow of concentrated water from the development. This letter, therefore, also serves as Ms. Rowntree's demand that Three Oaks, JLD, and Rowland Engineering abate the discharges, remediate the Rowntree Property, stabilize Bolingbroke Manor property, and resolve Ms. Rowntree's claim for damages within the next thirty (30) days. If you fail to do so, Ms. Rowntree will have no reasonable alternative but to proceed with filing a lawsuit for violations of well-settled

Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland Engineering, Inc.
October 26, 2020
Page 9

state law, including claims for nuisance, trespass, negligence, negligence per se, and attorneys' fees, costs, and expenses.

**Figure 9: runoff from Three Oaks' property eroding Rowntree Property**



Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland Engineering, Inc.
October 26, 2020
Page 10

**Figure 10: discharges from Three Oaks Property surrounding Ms. Rowntree's house.**



Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland Engineering, Inc.
October 26, 2020
Page 11

**Figure 11: damage to Rowntree Pastures caused by discharges from Three Oaks' property.**



**<u>Notice to Preserve Evidence and/or Spoliation Notice</u>**

Finally, we are also formally notifying you of your legal obligation to preserve all evidence relevant to this matter. If you fail to properly secure and preserve this evidence, it will constitute spoliation and give rise to a legal presumption that the evidence would have been harmful to your side of the case. This includes any data, photos, videos, hydrologic studies, topographic studies, all investigative records, and any emails or text messages relating to the hydrology and/or topography of Bolingbroke Manor.

If you believe that this notice is incorrect in any respect, if you have questions about this notice letter, or if you are otherwise interested in discussing this letter, please contact the undersigned counsel. As counsel for Ms. Rowntree, we respectfully request that you immediately respond to this demand. Please be advised that you are not permitted to contact Ms. Rowntree directly nor are you permitted to enter upon her property without the presence of the undersigned counsel.

We remain open and committed to discussing this matter within the next thirty (30) and/or sixty (60) days as appropriate. Upon expiration of the applicable period, we intend to promptly move forward with filing an action in federal court.

Three Oaks Construction and Development, Inc., Jones Land Developers, LLC, and Rowland Engineering, Inc.
October 26, 2020
Page 12

Sincerely,

***Donald D.J. Stack***
Donald D.J. Stack

cc:    **VIA CERTIFIED MAIL, RRR**
       **NO. 7018 0680 0002 2899 1850**

       The Hon. Andrew Wheeler, Administrator, U.S. EPA
       Environmental Protection Agency
       Office of the Administrator, MC 1101A
       1200 Pennsylvania Ave., NW
       Washington, D.C. 20460

       **VIA CERTIFIED MAIL, RRR**
       **NO. 7018 0680 0002 2899 1843**

       Mary S. Walker, Administrator
       U.S. EPA, Region 4
       Atlanta Federal Center
       61 Forsyth Street, SW
       Atlanta, Georgia 30303-3104

       **VIA CERTIFIED MAIL, RRR**
       **NO. 7018 0680 0002 2899 1836**

       Richard Dunn, Director
       Georgia Environmental Protection Division
       2 Martin Luther King, Jr. Drive, SE
       Suite 1456, East Tower
       Atlanta, Georgia 30334-9000

Exhibit B



Donald D.J. Stack
Telephone: (404) 525-9205
Facsimile: (404) 522-0275
E-mail: dstack@stackenv.com
www.stackenv.com

**Atlanta**
260 Peachtree Street • Suite 1200
Atlanta, Georgia 30303
Telephone: (404) 525-9205
Toll Free: (877) 622-3891
Facsimile: (404) 522-0275

**Savannah**
P.O. Box 13124
Savannah, Georgia 31406
Telephone: (912) 232-0567
Facsimile: (877) 622-3891

January 27, 2021

**VIA CERTIFIED MAIL, RRR
NO. 7020 2450 0002 0654 8885**
Three Oaks Construction and Development, Inc.
c/o Registered Agent Richard E. Veal III
2918 Riverside Drive
Macon, Georgia 31204

**VIA CERTIFIED MAIL, RRR
NO. 7020 2450 0002 0654 8830**
Matt Gilbert
2918 Riverside Drive
Macon, Georgia 31204

**VIA CERTIFIED MAIL, RRR
NO. 7020 2450 0002 0654 8847**
Rowland Engineering, Inc.
c/o Registered Agent Steven A. Rowland
318 Corporate Parkway
Suite 301
Macon, Georgia 31210

**VIA CERTIFIED MAIL, RRR
NO. 7020 2450 0002 0654 8854**
Jones Land Developers, LLC
c/o Registered Agent G. Girard Jones, Jr.
7980 NE Industrial Boulevard
Macon, Georgia 31216

**Re:    60-Day Notice of Intent to Sue Pursuant to Section 505(b) of the Federal Water
Pollution Control Act; Demand to Abate Nuisance and Trespass pursuant to
O.C.G.A. § 41-1-1; and Notice to Preserve Evidence and/or Spoliation Notice**

Dear Addressees:

As you know, our office has been retained by Ms. Zeta Rowntree ("Ms. Rowntree") regarding damage to her real property caused by past and continuing stormwater, silt, sediment, debris and other pollutant discharges from property located at Sanders Road and Highway 41, Macon, Monroe County, Georgia 31210 (Parcel No. 103 009) in connection with land disturbance and/or construction activities for a common development known as Bolingbroke Manor. Ms. Rowntree's property is located adjacent to and downstream and/or downgradient of Bolingbroke Manor at 262 Sanders Road, Macon, Monroe County, Georgia 31210.

On October 26, 2020, our office sent each of you a 60-day Notice of Intent to Sue Pursuant to Section 505(b) of the Federal Water Pollution Control Act, Demand to Abate Nuisance and Trespass pursuant to O.C.G.A. § 41-1-1, and Notice to Preserve Evidence and/or Spoliation Notice ("60-Day Notice") based on the pollutant discharges from Bolingbroke Manor. Since that time, we have been retained by Mr. Chuck Robinson and Mrs. Kristie Robinson ("the Robinsons")

Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and Jones Land Developers, LLC
January 27, 2021
Page 2

regarding similar damages to their property caused by past and continuing stormwater, silt, sediment, debris and other pollutant discharges from Bolingbroke Manor.

This letter serves as the Robinsons' notice of intent to sue pursuant to 33 U.S.C. § 1365(b), demand that Addressees abate their nuisance and trespass, and notice to Addresses of their duty to preserve evidence.

**Figure 1: Robinson Property outlined in blue. Three Oaks' Property Outlined in Yellow.**



### Notice of Intent to Sue

Pursuant to Section 505(b) of the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. § 1365 and 40 C.F.R. § 135.3, this letter is to provide you with notice that the Robinsons intend to file a citizen lawsuit in federal court against Three Oaks Construction and Development, Inc. ("Three Oaks"), Jones Land Developers, LLC ("JLD"), and/or Rowland Engineering, Inc. ("Roland Engineering") for violations of sections 402 and 404 of the Clean Water Act following sixty (60) days from the date of this letter.

**a. Party Providing Notice**

This notice is provided by Chuck and Kristie Robinson. The Robinsons reside on property located at 410 Loraine Woods Drive, Macon, Georgia 31210 (Parcel No. 103A027) ("Robinson Property"). The Robinson Property consists of approximately 4.7 acres, a tributary of Colaparchee Creek ("Stream"), and wetlands. The Robinsons' telephone number is (478) 538-5430. However, because the Robinsons are being represented by the undersigned counsel, all communications should be directed to us. Our address is 260 Peachtree Street N.W., Suite 1200, Atlanta, Georgia 30303. We can be reached by telephone at (404) 525-9205.

Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and Jones Land Developers, LLC
January 27, 2021
Page 3

**Figure 2: Colaparchee Creek and the Stream**



Tributary of Colaparchee Creek

b. **Specific Statutory Standard**

Within the last twelve (12) months, Three Oaks, JLD, and Roland Engineering have conducted land disturbance activities such as clearing, grading, and grubbing on property owned by Three Oaks located adjacent to the Robinson Property and more specifically identified as Parcel No. 103 009 in Macon, Monroe County, Georgia for construction of a development known as Bolingbroke Manor.

During these land disturbance activities, Three Oaks, JLD, and Roland Engineering have controlled, directed, and/or otherwise caused and continue to cause discharges of large volumes of silt, sediment, fill material, trash/debris, gravel, and other pollutants from Bolingbroke Manor into the Stream on the Robinson Property and Colaparchee Creek on Ms. Rowntree's Property via ditches, channels, erosion gullies, ponds, failing BMPs, construction equipment, discharge structures, and other point and non-point sources in violation of sections 402 and 404 of the Clean Water Act, which prohibit the discharge of pollutants including stormwater, dredged, and/or fill material into Waters of the United States without, or in violation of, a permit. 33 U.S.C. §§ 1311(a) and 1344. Three Oaks, JLD, and Roland Engineering have also constructed, conducted activities in, and/or filled the Stream and surrounding wetlands without a permit in violation of section 404 of the Clean Water Act. Upon information and belief, Matt Gilbert personally participates, cooperates, and/or directs these land disturbance activities. If a permit has been issued, sections 402 and 404 of the Clean Water Act require compliance with the provisions set forth in such permits, which include the proper design, installation and maintenance of Best Management Practices ("BMPs"), proper monitoring and reporting of discharges, and compliance with the in-

Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and Jones Land Developers, LLC
January 27, 2021
Page 4

stream water quality standards of Georgia's erosion and sedimentation act and associated regulations.

**c. Activities Alleged to be a Violation and Dates of Violations**

Here, Three Oaks, JLD, and Roland Engineering have violated and continue to violate General Permit GAR 100003 for Common Development Construction Projects ("General Permit") and are therefore in violation of sections 402 and 404 of the Clean Water Act. Three Oaks, JLD, and Ronald Engineering's violations include, but are not limited to, the following examples:

1. Failure to stabilize mulch or temporary seed areas left exposed for more than fourteen (14) days;

2. Failure to stabilize grass or matting on final graded slopes;

3. Clearing more than fifty (50) acres without prior written authorization from the Georgia Environmental Protection Division ("EPD");

4. Failure to properly design, install, and maintain all BMPs;

5. Failure to properly monitor and report discharges;

6. Discharging pollutants, including silt, sediment, debris, and fill material from ditches, runnels, rills, gullies, ponds, outlets, unmaintained silt fences, unmaintained BMPs, construction equipment, debris piles, and other sources into the Stream, Colaparchee Creek, and surrounding wetlands without, or in violation of, any permit.

   These discharges occur during rain events and for days following rain events, including, but not limited to,[1] rain events that occurred on or around the following: 1/3/2020; 1/12/2020; 1/13/2020; 1/19/2020; 1/24/2020; 1/25/2020; 2/1/2020; 2/6/2020; 2/7/2020; 2/12/2020; 2/14/2020; 2/18/2020; 2/21/2020; 2/25/2020; 3/3/2020; 3/4/2020; 3/5/2020; 3/6/2020; 3/16/2020; 3/18/2020; 3/20/2020; 3/23/2020; 3/24/2020; 3/25/2020; 4/1/2020; 4/13/2020; 4/20/2020; 4/23/2020; 4/24/2020; 4/30/2020; 5/19/2020; 5/22/2020; 5/30/2020; 6/5/2020; 6/6/2020; 6/11/2020; 6/22/2020; 6/23/2020; 7/2/2020; 7/7/2020; 7/26/2020; 8/4/2020; 8/10/2020; 8/11/2020; 8/14/2020; 8/15/2020; 8/16/2020; 8/20/2020; 8/21/2020; 8/25/2020; 9/10/2020; 9/16/2020; 9/17/2020; 9/18/2020; 9/25/2020; 10/11/20; 10/24/20; 10/25/20; 11/12/20; 11/26/20; 11/27/20; 11/28/20; 11/30/20; 12/16/20; 12/17/20; 12/25/20; 1/12/21; and 1/22/21.

---

[1] Note, illegal discharges have occurred regardless of rain and/or several days after rain as one of Bolingbroke Manor's stormwater structures is located in, or directly adjacent to, the Stream and discharges frequently, if not constantly, into it.

Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and
Jones Land Developers, LLC
January 27, 2021
Page 5

7. Causing near daily turbidity, color, and other objectionable conditions in the Stream,
   Colaparchee Creek, and surrounding wetlands, violating in-stream water quality
   standards, and interfering with the Robinsons' use and enjoyment of their property.

**d. Location of Illegal Discharges**

Again, Three Oaks, JLD, and Rowland Engineering are illegally discharging large volumes
of pollutants, including silt, sediment, debris, and fill material into the Stream, Colaparchee Creek,
and surrounding wetlands. The approximate locations of these discharges are depicted below:

**Figure 3: discharge locations at Sampling Location #1 (on right) and #2 (on left) circled.**



Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and Jones Land Developers, LLC
January 27, 2021
Page 6

**Figures 4, 5, & 6: discharge of Three Oaks' sediment basin at Sampling Location #2 discharging onto Zeta Rowntree's Property and improperly designed, installed, and/or maintained BMPs.**





Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and Jones Land Developers, LLC
January 27, 2021
Page 7



**Figure 7: Stream approximately 100-feet downstream of outfall at Sampling Location #1.**



Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and
Jones Land Developers, LLC
January 27, 2021
Page 8

**Figure 8: discolored water entering Colaparchee Creek downstream of Sampling Location
# 2.**



Within the next sixty (60) days, the Robinsons request that you cease the above-described
violations and remediate the Stream, Colaparchee Creek, and surrounding wetlands. Unless the
violations discussed in this letter are rectified on terms acceptable to the Robinsons, they intend to
proceed with their Clean Water Act claim following sixty (60) days from the date of this letter.

<u>**Demand to Abate Nuisance and Trespass**</u>

In addition to violating the Clean Water Act as described above, Three Oaks, JLD, and
Rowland Engineering have caused and continue to cause significant damage to the Robinson
Property, including their yard and driveway, through the discharge of significant amounts water,
silt, sediment, debris and other pollutants. These discharges have also caused the Robinsons to
endure significant annoyance and inconvenience. This letter, therefore, also serves as the
Robinsons' demand that Three Oaks, JLD, and Rowland Engineering abate the discharges,
remediate the Robinson Property, stabilize Bolingbroke Manor property, and resolve the
Robinsons' claims for damages within the next thirty (30) days.  If you fail to do so, the Robinsons
will have no reasonable alternative but to file a lawsuit for violations of well-settled state law,
including claims for nuisance, trespass, negligence, negligence per se, and attorneys' fees, costs,
and expenses.

Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and Jones Land Developers, LLC
January 27, 2021
Page 9

**Figures 9 and 10: runoff from Three Oaks' property flooding the Robinson Property**





<u>**Notice to Preserve Evidence and/or Spoliation Notice**</u>

Finally, because the Robinsons are actively contemplating litigation, we are also formally notifying you of your legal obligation to preserve all evidence relevant to this matter. If you fail to properly secure and preserve this evidence, it will constitute spoliation and give rise to a legal presumption that the evidence would have been harmful to your side of the case. This includes any

Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and
Jones Land Developers, LLC
January 27, 2021
Page 10

data, photos, videos, hydrologic studies, topographic studies, all investigative records, and any
emails or text messages relating to the hydrology and/or topography of Bolingbroke Manor.

     If you believe that this notice is incorrect in any respect, if you have questions about this
notice letter, or if you are otherwise interested in discussing this letter, please contact the
undersigned counsel. As counsel for the Robinsons, we respectfully request that you immediately
respond to this demand. Please be advised that you are not permitted to contact the Robinsons
directly nor are you permitted to enter upon their properties without the presence of the
undersigned counsel.

     We remain open and committed to discussing this matter within the next thirty (30) and/or
sixty (60) days as appropriate. Upon expiration of the applicable period, we intend to promptly
move forward with filing an action in federal court.

Sincerely,

Donald D.J. Stack

cc:    **VIA CERTIFIED MAIL, RRR**
       **NO. 7020 2450 0002 0654 8861**

       The Hon. Andrew Wheeler, Administrator, U.S. EPA
       Environmental Protection Agency
       Office of the Administrator, MC 1101A
       1200 Pennsylvania Ave., NW
       Washington, D.C. 20460


       **VIA CERTIFIED MAIL, RRR**
       **NO. 7020 2450 0002 0654 8878**

       Mary S. Walker, Administrator
       U.S. EPA, Region 4
       Atlanta Federal Center
       61 Forsyth Street, SW
       Atlanta, Georgia 30303-3104

Three Oaks Construction and Development, Inc., Matt Gilbert, Rowland Engineering, Inc., and
Jones Land Developers, LLC
January 27, 2021
Page 11

**VIA CERTIFIED MAIL, RRR**
**NO. 7020 2450 0002 0654 8892**

Richard Dunn, Director
Georgia Environmental Protection Division
2 Martin Luther King, Jr. Drive, SE
Suite 1456, East Tower
Atlanta, Georgia 30334-9000

**VIA CERTIFIED MAIL, RRR**
**NO. 7020 2450 0002 0654 8908**

Michael Marshall, Esq.
Donner Marshall & Sims
3717 Vineville Ave.
Macon, Georgia 31204