**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ZETA ROWNTREE, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    CIVIL NO. 5:21-CV-255 (MTT) <br> ) |
| MATT GILBERT, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**CONSENT DECREE AND JUDGMENT**

WHEREAS, Plaintiffs Zeta Rowntree, Chuck Robinson, and Kristie Robinson (collectively, "Plaintiffs") filed a citizen suit against Defendants Matt Gilbert ("Gilbert"), Three Oaks Construction and Development, Inc. ("Three Oaks"), and Jones Land Developers, LLC ("JLD") on July 21, 2021 and an Amended Complaint adding Defendant Liberty Communities, LLC ("Liberty") and Neil Koelbl ("Koelbl") as parties on November 16, 2021 (collectively, "Defendants," and together with Plaintiffs, the "Parties") alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, and state law claims related to alleged discharges of excess stormwater and stormwater containing silt, sediment, gravel, construction waste, and other pollutants allegedly related to construction and land disturbance activities on land known as the Bolingbroke Manor development, owned and/or operated by Defendants in Macon, Monroe County, Georgia, (the "Site") through pipes, culverts, channels, alleged failed erosion control measures, and/or other point sources allegedly into waterbodies on Plaintiffs' properties, located at 262 Sanders Road, Macon, Monroe

County, Georgia and 410 Loraine Woods Drive, Macon, Monroe County, Georgia, including Colaparchee Creek ("Creek"), a tributary of the Creek ("Stream"), springs, and wetlands adjacent to Colaparchee Creek allegedly without coverage under, or allegedly in violation of the terms and conditions of, an applicable National Pollutant Elimination System ("NPDES") permit or dredge and fill permit (the "Suit");

WHEREAS, in the Suit, Plaintiffs sought declaratory relief as well as an injunction ordering Defendants to cease alleged violations of the CWA, repair and/or remediate Plaintiffs' properties, including the Creek and other waterbodies, pay civil penalties to the U.S. Treasury, and reimburse Plaintiffs for their attorneys' fees and expenses of litigation;

WHEREAS, Defendants deny Plaintiffs' claims and any liability for the alleged violations and damages contained in the Suit;

WHEREAS, the Parties engaged in mediation on February 4, 2022 in a good faith attempt to reach a mutually agreeable resolution;

WHEREAS, Defendants have undertaken and implemented significant measures to address Plaintiffs' allegations and to ensure that the Site is in compliance with the applicable NPDES permit, the erosion sedimentation and pollution control plan (the "ESPC Plan"), and the CWA;

WHEREAS, Defendants have implemented the following measures to address Plaintiffs' allegations and ensure that excessive water or sediment does not and will not migrate from the Site, including to Plaintiffs' properties:

    a. Extensive inspections of the Site and downstream areas;

    b. Assessing the sufficiency of the ESPC Plan;

c. Assessment of potential increased water flow from Site;

d. Assessment of potential sedimentation;

e. Maintenance and repair of inlet sediment traps throughout the site;

f. Reinstallation of inlet sediment traps throughout the site using steel posts with wire backing as required by The Manual for Erosion Control in Georgia;

g. Installation of inlet sediment traps around curb inlets;

h. Maintenance and repair of silt fencing throughout the site;

i. Installation of slope stabilizations around temporary sediment basins;

j. Repair of an eroded bank around one of the temporary sediment basins on site;

k. Replacement of rock filter dam around two of the three temporary sediment basins on site;

l. Installation of a rock filter dam around one of the three temporary sediment basins on site that was washed away;

m. Evaluation and maintenance of the temporary sediment basins on site;

n. Reinstallation of storm drain outlet protection;

o. Establishment of temporary stabilization, such as mulching and vegetative cover of disturbed areas throughout the site;

p. Removal of sediment deposits that accumulated on the roads;

q. Reinstallation of basin retrofits on all temporary sediment basins on site in accordance with The Manual for Erosion Control in Georgia and the ESPC Plan;

r. Installation of additional silt fencing at the toe of fill areas, the perimeters of disturbed areas, and around the sediment basins on site;

s. Installation of best management practices (BMPs) around a stormwater channel and pond on the northern part of the site;

t. Hired an environmental consulting firm to evaluate the adequacy of the ESPC Plan design drafted by the civil engineer and make recommendations for corrective action;

u. Rill repair in various locations throughout the site;

v. Three Oaks to continue to measure and record rainfall within disturbed areas of the site that that have not met final stabilization once every 24 hours except any non-working Saturday, non-working Sunday, or non-working Federal holiday.  Measurement of rainfall may be suspended if all areas of the site have undergone final stabilization or established a crop of annual vegetation and a seeding of target perennials appropriate for the region, or a Notice of Termination is submitted;

w. Three Oaks to continue to inspect the following at least once every seven (7) calendar days and within 24 hours of the end of a storm that is 0.5 inches rainfall or greater (unless such storm ends after 5:00 PM on any Friday or on any non-working Saturday, non-working Sunday or any non-working Federal holiday in which case the inspection can be

completed by the end of the next business day and/or working day, whichever occurs first):

    i. disturbed areas of the primary permittee's construction site; and

    ii. structural control measures.

Where discharge locations or points are accessible, they should be inspected to ascertain whether erosion control measures are effective in preventing significant impacts to receiving water(s). These inspections should be conducted until a Notice of Termination is submitted;

x. Three Oaks to inspect at least once per month until a Notice of Termination is submitted to EPD the areas of the site that have undergone final stabilization or established a crop of annual vegetation and a seeding of target perennials appropriate for the region.

    i. For evidence of, or the potential for, pollutants entering the drainage system and the receiving water(s);

    ii. To confirm erosion and sediment control measures identified in the ESPC Plan are operating correctly; and

    iii. Inspect discharge locations or points (where accessible) to confirm whether erosion control measures are effective in preventing significant impacts to receiving water(s); and

y.  Three Oaks to remove silt fences and other BMPs as areas of the Site are stabilized and a Notice of Termination is submitted to EPD.

WHEREAS, the Parties agree that (i) to the best of the Parties' knowledge, the measures identified above have been implemented effectively, which has been confirmed in good faith by Defendants' qualified consultants; (ii) the Parties further agree that the current and continued implementation of this agreement will satisfy all applicable requirements of the ESPC Plan and General NPDES Permit and resolve all claims under state law; and (iii) that Defendants owe no other obligations to Plaintiffs with respect to the alleged violations/claims raised in the Suit;

WHEREAS, the Parties agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action;

WHEREAS, the Parties, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiffs' claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them;

WHEREAS, the Parties have agreed to the entry of this Consent Decree and Judgment to resolve this action and, by the authorized signature of their respective counsel below, do hereby expressly agree to the terms and conditions of settlement set forth in this Consent Decree and Judgment, pending and expressly conditioned upon approval of same by the Attorney General of the United States of America and the Administrator and Regional Administrator of the United States Environmental

Protection Agency and upon entry of this consent Decree and Judgment by this Court; and

WHEREAS, the Parties have given notice of the proposed entry of this Consent Decree and Judgment to the Attorney General of the United States of America and the Administrator and Regional Administrator of the United States Environmental Protection Agency more than 45 days prior to entry of this Consent Decree and Judgment, as required by 33 U.S.C. § 1365(c)(3).

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY DECREED, ORDERED, AND ADJUDGED as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. The undersigned representative for each party certifies that he/she is fully authorized by the party he/she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party and successors in interest to it.

3. The Consent Decree shall apply to, and be binding upon, the Parties, their successors, assigns, agents, representatives, and designees.

4. This Consent Decree shall apply to all of Defendants' construction related activities at the Site.

5. This Consent Decree constitutes a full and complete settlement and release of the claims alleged in the Suit in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree including, but not limited to, those that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from Defendants' ownership of and construction activities at the Site, and any state law claims.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any matter alleged in or arising out of the Complaint, or an admission or evidence of any wrongdoing or misconduct on the part of any of the Defendants.

7. Concurrently with the execution of this Consent Decree, Defendants will enter into Confidential Settlement Agreements with Plaintiffs.

8. Plaintiffs agree that the terms of the Confidential Settlement Agreements constitute full and complete satisfaction of any claims Plaintiffs may have including, but not limited to, those under the CWA, state law, and for fees and costs. Plaintiffs warrant that it will make no additional claim for expenses of litigation including attorneys' fees under the CWA or any other state or federal law in relation to the claims alleged in the Suit and all others covered by this Consent Decree, as described in paragraph 5 of this Consent Decree.

9. After consultation, the Parties removed this Paragraph.

10. Within thirty (30) days of Defendants' receipt of notice of approval of this Consent Decree and Judgment by the Court, Three Oaks shall pay to the U.S. Department of the Treasury or other federal entity designated to accept such funds the sum of $10,000.00. The Parties support this as an appropriate civil penalty considering the compliance and restoration measures agreed to and implemented by Defendants.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S.

Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. §§ 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiffs shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

12.     Upon entry of this Consent Decree and Judgment, all claims that were, or could have been, asserted in this matter by Plaintiffs are hereby dismissed with prejudice.

13.     The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 11.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to resolve the dispute informally through meetings between the parties by serving written notice of dispute and request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

14.     This Consent Decree shall take effect on the date it is entered by the Court.  This Consent Decree shall terminate immediately following completion of all obligations under it.

15.     This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

16. If for any reason the Court should decline to approve this Consent Decree in the form presented, (i) this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party; and (ii) the parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. Notifications or copies required by this Consent Decree should be made to:

> Donald D.J. Stack
> Stack & Associates, P.C.
> 260 Peachtree Street, N.W., Suite 1200
> Atlanta, Georgia  30303
> dstack@stackenv.com
> *Attorney for Plaintiffs*
>
> Elizabeth B. Davis
> Burr & Forman LLP
> 171 Seventeenth Street, N.W., Suite 1100
> Atlanta, Georgia  30363
> bdavis@burr.com
> *Attorney for Liberty Communities, LLC and Neil Koelbl*
>
> Shane Mayes
> Moore Ingram Johnson & Steele
> Emerson Overlook
> 326 Roswell Street, Suite 100
> Marietta, Georgia 30060
> shane@mijs.com
> *Attorney for Defendants Matt Gilbert and Three Oaks Construction & Development, Inc.*
>
> Carl H. Anderson, Jr.
> Hawkins Parnell & Young, LLP
> 303 Peachtree Street NE, Suite 4000
> Atlanta, Georgia 30308
> canderson@hpylaw.com
> *Attorney for Defendant Jones Land Developers, LLC*

18. After consultation, the Parties removed this Paragraph.

19. Nothing in this Consent Decree shall be construed to make any other person or entity not executing this Consent Decree a third-party beneficiary to this Consent Decree

20. This Consent Decree and Judgment shall be construed under the laws of the United States and the State of Georgia.

## ORDER

The parties have jointly moved for the Court to approve and enter the above consent decree. Doc. 51. Upon consideration of the consent decree, the Court hereby finds that it is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The Court notes that the United States has received notice of the consent decree and has no objection. Doc. 56-1. The foregoing consent decree is hereby **APPROVED**.

In accordance with the terms of the approved consent decree, the plaintiffs' claims against the defendants are **DISMISSED** with prejudice.

**SO ORDERED**, this 9th day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
